UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSUE CASTAÑEDA JUAREZ, et al., <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> NATHALIE ASHER, et al., <br><br> Respondents-Defendants. | Case No. C20-0700JLR-MLP <br><br> ORDER GRANTING MOTION FOR LEAVE TO PARTICIPATE AS AMICI CURIAE |

Before the Court is correctional health experts Robert L. Cohen, M.D., Joe Goldenson, M.D., Michael Puisis, D.O., and Brie Williams, M.D. (collectively, "Public Health Officials")'s motion for leave to participate in this action as *amici curiae*. (Mot. (Dkt. #49).) The court has reviewed the submissions of of the Public Health Officials, the balance of the record, and the governing law. Being fully advised, the court GRANTS Public Health Officials' motion to participate as *amici curiae* as described below.

**I.     BACKGROUND**

On May 8, 2020, Petitioner-Plaintiffs Jose Castañeda Juarez, Wilfredo Favela Avendaño, Josue Andrade-Machado, and Naeem Khan's (collectively, "Petitioners") filed their petition, seeking a writ of habeas corpus, or in the alternative, injunctive relief, against Respondents. (Compl. (Dkt. #1).) On May 11, 2020, Petitioners filed a motion for a temporary restraining order

ORDER GRANTING MOTION FOR LEAVE TO
PARTICIPATE AS AMICI CURIAE - 1

seeking immediate release from detention in light of the COVID-19 public health crisis. ("TRO") (TRO Mot. (Dkt. #22).) Public Health Officials filed the instant motion seeking permission to participate as *amici curiae* in support of Petitioners' petition for habeas corpus and their request for injunctive and declaratory relief. (*See generally* Prop. *Amici* Brief (Dkt. #49-1).)

## II.   ANALYSIS

District courts may consider amicus briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Skokomish Indian Tribe v. Goldmark*, No. C13-5071JLR, 2013 WL 5720053, at *1 (W.D. Wash. Oct. 21, 2013) (internal quotations omitted). The court has "broad discretion" to appoint amicus curiae. *Hoptowit v. Ray,* 682 F.2d 1237, 1260 (9th Cir.1982), *abrogated on other grounds by Sandin v. Conner,* 515 U.S. 472, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995).

Public Health Officials are experts in infectious diseases, healthcare policy, correctional healthcare, human rights, and related fields. (Mot. at 4.; *see also* Prop. *Amici* Brief at 7-9.) They claim that based on their experience and review of information regarding the COVID-19 pandemic, they will provide the court with a "unique correctional health perspective" to assist the court in addressing the dangers COVID-19 poses to certain individuals detained at the Northwest Detention Center. Respondents have not opposed Public Health Officials' participation as *amici*.

The court concludes that Public Health Officials may have "unique information or psepective that can help the court." *Skokomish Indian Tribe*, 2013 WL 5720053, at *2 (quoting *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy,* 54 F.Supp.2d 974, 975 (E.D.Wash. 1999)); *see also Warren v. United States,* No. 06-CV-0226S, 2009 WL 1663991, at * 1 (W.D.N.Y.

June 15, 2009) ("The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties.").

Accordingly, the court GRANTS Public Health Officials' motion to participate as *amici curiae* (Dkt. #49). Unless authorized by the court in advance, *amici* may not file reply memorandum or participate in any oral arguments before the court.

Dated this 11th day of June, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge