UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSUE CASTAÑEDA JUAREZ, *et al.*,<br><br>          Petitioner-Plaintiffs,<br><br>     v.<br><br>NATHALIE ASHER, *et al.*,<br><br>          Respondent-Defendants. | Case No. C20-700JLR-MLP<br><br>ORDER |

## I.     INTRODUCTION

Before the Court is Petitioners-Plaintiffs' ("Petitioners") motion for leave to file an amended petition for writ of habeas corpus and class action complaint for injunctive and declaratory relief pursuant to Federal Rule of Civil Procedure 15. (Mot. (Dkt. # 132).) Respondents-Defendants ("Respondents") reserved the right to oppose the instant motion to amend but have not submitted a response to Petitioners' motion. (Adams Decl. (Dkt. # 133), Ex. B.) Having reviewed Petitioners' submissions, the appropriate portions of the records, and the relevant law, the Court GRANTS Petitioners' motion for the reasons discussed below.

ORDER - 1

## II. BACKGROUND

Petitioners are individuals either currently or previously held in civil detention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. (*See* Compl. (Dkt. # 1) ¶¶ 11-14.) On May 8, 2020, Petitioners filed their petition and complaint seeking a writ of habeas corpus and injunctive and declaratory relief against Respondents. (*Id.*) Petitioners represent that they are "vulnerable to serious medical complications from COVID-19 and are at risk of serious illness and death so long as they are held in detention" due to their medical conditions. (*Id.* at ¶ 95.)

On May 11, 2020, Petitioners filed both a motion for a temporary restraining order seeking immediate release from detention as they await adjudication of their immigration cases and a motion for class certification. (Dkt. ## 22, 21.) Petitioners argued that because Respondents cannot remedy the grave risk of harm that they, and others similarly situated, face from COVID-19, their continued detention at the NWIPC violates their Fifth Amendment rights. (Dkt. # 22 at 14.) On June 12, 2020, the Honorable James L. Robart denied Petitioners' motion for a temporary restraining order, finding Petitioners were unlikely to succeed on their claim that Respondents violated their Fifth Amendment right to reasonable safety at the NWIPC. (Dkt. # 91 at 14-15.) Judge Robart also found Petitioners failed to make a clear showing that their continued detention was not reasonably related or excessive to a legitimate government interest, and that Petitioners failed to show a likelihood of irreparable harm. (*Id.* at 16-17.)

On September 25, 2020, Judge Robart denied Petitioners' motion for class certification, finding Petitioners failed to satisfy the requirements of Rule 23(b)(2) for an indivisible, uniform remedy that would provide relief to the proposed class due to the case-by-case considerations needed to determine whether release is appropriate for each individual. (Dkt. # 121.)

ORDER - 2

On July 16, 2020, Respondents filed a return memorandum and motion to dismiss. (Dkt. # 102.) The Court denied Respondents' motion and directed the parties to submit proposed discovery requests, which the parties submitted, and the Court has since ruled on. (Dkt. ## 124, 161.)

Petitioners' instant motion to amend seeks to modify their request for relief in response to the Court's finding regarding the uniformity requirement of Rule 23(b)(2) and to remove Josue Castaneda Juarez from this action because he has been released from custody after succeeding in his immigration matter. (Mot. at 4-6.)

### III.   DISCUSSION

Pursuant to Rule 15(a)(2), courts should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Courts use five factors to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The burden is on the party opposing amendment to show that they will be prejudiced by the court granting leave to amend. *DCD Programs, Ltd.*, 833 F.2d at 187 (citing *Beeck v. Aqua-slide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)).

ORDER - 3

The Court finds Petitioners should be given leave to file their amended complaint. Petitioners' motion to amend does not arise out of bad faith or undue delay as it seeks only to remove a party and to narrow the proposed class relief in response to the Court's findings in its recent order denying their motion for class certification. Further, this is Petitioners' first motion to amend and Respondents have not opposed the motion or identified any potential prejudice from the requested amendment. Accordingly, the Court grants Petitioners' motion to amend its petition for writ of habeas corpus and class action complaint for injunctive and declaratory relief.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioners' motion (dkt. # 132) and ORDERS Petitioners file and serve the amended complaint within 14 days of the entry of this Order. The Clerk is directed to send copies of this order to the parties and to the Honorable James L. Robart.

Dated this 30th day of November, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge