UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILFREDO FAVELA AVEÑDANO, et al., <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> NATHALIE ASHER, Director of the Seattle Field Office of U.S. Immigration and Customs Enforcement, et. al., <br><br> Respondents-Defendants. | CASE NO. 20-cv-700-JLR-MLP <br><br> **STIPULATED PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, for official use only, law enforcement sensitive, and/or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order is consistent with Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL

"Confidential" material shall include the following types of documents and tangible things produced or otherwise exchanged:

   a) Personal identifying information and other non-public personal information (e.g., health, financial, immigration, and employment records) of the producing party or the producing party's family members or employees;

   b) Any sensitive medical information and Personal Health Information, as that term is defined in 45 C.F.R. § 164.501, produced by the parties;

   c) Any other personally identifiable information identified in Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.2(a);

   d) Any other information protected or restricted from disclosure by state or federal statute or regulation which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure, including information, documents or tangible things protected by the Privacy Act, 5 U.S.C. § 552a, et seq., or information that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence; and,

   e) Photos taken by Plaintiffs' expert during the site inspection that present security concerns or that ~~otherwise~~ despite the limits on depicting any identifiable features of detainees, employees, or staff, at the facility during the site visit such content is ascertainable.

   f) "Highly Confidential-Attorneys' Eyes Only" material shall include the following documents and tangible things produced or otherwise exchanged, including:

       i. Security arrangements, security plans, practices, policies, protocols, or guidelines; security audits or reviews; building layouts; or documents reflecting architectural plans, blueprints, or schematics whose efficacy may be

undermined by disclosure to the public, including but not limited to floor plans or plans specific to building security features, enhancements, or vulnerabilities. Any building layouts or documents reflecting architectural plans, blueprints, schematics and floor plan diagrams shall be produced exclusively to attorney Eunice Cho, and to Plaintiff's expert, Dr. Marc Stern. Ms. Cho and Dr. Stern shall not further share, duplicate, digitize, nor disseminate these documents or information, per the Court's ruling. *See* November 24, 2020 Transcript. HVAC-ventilation system schematics and information shall be produced exclusively to attorney Eunice Cho and to Plaintiffs' designated HVAC expert. Ms. Cho and Plaintiffs' designated HVAC expert shall not share, duplicate, digitize nor disseminate these documents or information per the Court's ruling. *See* November 24, 2020 Transcript.

  ii. Communications between the Government and GEO containing highly sensitive information regarding security-related information, policies, and procedures.

  iii. "Law enforcement sensitive information," including non-public information regarding law enforcement techniques, procedures, sources, intelligence, and investigations.

Notwithstanding the above, the parties reserve the right to challenge the discoverability of any document that falls within the definition of "Confidential" material and "Highly Confidential – Attorneys' Eyes Only" material. The parties further reserve the right to challenge the designation of confidentiality of any document using the procedure described in paragraph 6.

3. SCOPE

The protections conferred by this Order cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for purposes of pursuing, defending or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2 Disclosure of "CONFIDENTIAL" Material. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) Named Plaintiffs, Defendants and Defendants' employees to whom disclosure is reasonably necessary for this litigation;

(b) the receiving party's counsel of record in this action, as well as any support staff and other employees of such counsel assisting in this action with an appropriate need to know;

(c) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(d) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court, court personnel, and court reporters and their staff;

(f) copy or imaging or data processing services retained by counsel to assist in this litigation, provided that counsel for the party retaining the copy or imaging or data processing service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and,

(i) any other person mutually authorized by both parties' counsel to examine such information.

4.3  Disclosure of "Highly Confidential-Attorneys' Eyes Only" Material.  Unless otherwise ordered by the Court or permitted in writing by the designating party, information designated as "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed by the receiving party or the receiving party's counsel of record to the public , nor disclosed to any other person or entity without Order of the Court or written mutual agreement with the designating party.  The limitations of Court's ruling set forth in its transcript of November 24, 2020 shall control.

4.4  Filing Confidential or Highly Confidential Material. Before filing confidential or highly confidential material with the Court or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule

5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see*, *e.g.*, section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to each page that contains confidential material and "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" to each page that contains highly confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). With respect to documents containing confidential material produced in native format, the designating party shall include the appropriate confidentiality designation in the filename. Highly Confidential Attorney's Eyes Only documents subject to the Court's November 24, 2020 order may be produced solely in a non-digital format that may not be duplicated.

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER", "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO A PROTECTIVE ORDER," or contain a similar marking. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

   5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

   6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

   6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without the Court's intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO A PROTECTIVE ORDER," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  The inadvertent, unintentional, disclosure of

confidential or highly confidential material will not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Federal Rule of Evidence 502(d) as set forth herein.

10. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, and unless otherwise ordered by the Court, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or the Court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

RESPECTFULLY SUBMITTED this 30th day of December 2020.

ACLU NATIONAL PRISON PROJECT

By: <u>s/ Eunice H. Cho</u>
Eunice H. Cho, WSBA No. 53711
915 15th St. NW, Washington, DC 20005

Tel: 202-548-6616
echo@aclu.org

*Attorney for Petitioners-Plaintiffs*

BRIAN T. MORAN
United States Attorney

By: s/ Michelle R. Lambert
Michelle R. Lambert, NYS Bar #4666657
United States Attorney's Office
120 Pacific Ave., Suite 700
Tacoma, WA 98402
Tel: 253-428-3824
michelle.lambert@usdoj.gov

*Attorney for ICE Respondents-Petitioners*

III BRANCHES LAW, PLLC

By: s/ Joan K. Mell
Joan K. Mell, WSBA #21319
1019 Regents Blvd., Suite 204
Fircrest, WA 98466
Tel: 253-566-2510
joan@3brancheslaw.com

*Attorney for Stephen Langford*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

\\
\\

DATED: January 4, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

## EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington in the case of *Favela Aveñdano v. Asher*, No. 20-cv-700 (W.D. Wash.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____