UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSUE CASTANEDA JUAREZ, *et al.*,

    Petitioners,

v.

NATHALIE ASHER, *et al.*,

    Respondents.

Case No. C20-700 JLR-MLP

ORDER ON FACILITY INSPECTION

Having considered the parties' joint status report regarding the pending facility inspection (dkt. # 196), it is hereby ORDERED that:

1. Defendants shall permit Plaintiffs' expert, Dr. Marc Stern, to inspect the Northwest Detention Center, *aka* Northwest ICE Processing Center ("facility"), located at 1623 E. J St., Tacoma, Washington, 98421. The inspection will occur on a date mutually agreed by parties. The inspection will start at a time agreed to by the parties and will be limited to a total of seven (7) hours, including time traveling within the facility, but excluding any time necessary for security screening and COVID-19 testing of participants prior to the inspection and reasonable time for breaks.

2. Plaintiffs' counsel will provide Defendants with Dr. Stern's date of birth, social

security number, and place of birth prior to the date of the inspection.

3. Dr. Stern will be accompanied by one representative from Immigration and Customs Enforcement ("ICE"), one representative from ICE Health Service Corps ("IHSC"), and one representative from GEO (collectively "inspection participants") during the inspection.

4. All inspection participants will wear Personal Protective Equipment provided by Defendants to safely enable the inspection, namely an N-95 mask. Dr. Stern may wear additional PPE, including a face shield, to be provided by Plaintiffs, if he so chooses. All individuals present must follow the Centers for Disease Control and Prevention's social distancing guidelines. Dr. Stern will provide documentation of a negative COVID-19 test taken within seven days preceding the inspection. All inspection participants will be screened for symptoms of COVID-19 before entry.

5. Dr. Stern may bring a digital camera, pens, papers, and a measuring tape inside the facility to conduct the inspection. The Defendants' representatives may observe any measurements taken by Dr. Stern, who will read aloud any measurements taken.

6. As the court noted during the status conference hearing on January 7, 2021 (dkt. # 205), Dr. Stern may only ask factual questions from staff members to orient him to the facility.

7. Dr. Stern will be permitted to take still photographs, subject to the following terms:

    a. Photographs be still photos only, not video or audio recordings, and will be subject to the protective order issued in this matter.

    b. Dr. Stern will not photograph the following security features of the facility: security cameras, the full layout or blueprints of the facility, the security

ORDER ON FACILITY INSPECTION - 2

  perimeter of the facility, or hidden entrances or exits that are security-related. Dr. Stern may not take photos of the HVAC system.

 c. Dr. Stern will not photograph any records in the facility.

 d. Dr. Stern will endeavor to avoid including persons in the photographs. If any of the photographs include persons, Plaintiffs' counsel shall meet and confer with Defendants' counsel, and the parties will take all necessary steps to follow state and federal privacy laws and follow the Court's protective order, so that the parties respect and protect the confidentiality of the identity and identifying characteristics of any persons who are photographed. Dr. Stern may not photograph GEO staff.

 e. Dr. Stern will allow the ICE, GEO, and IHSC inspection participants to visually inspect the photos he has taken during the tour prior to his departure, to ensure that no photographs include security features of the facility.

 f. Dr. Stern's photographs shall be produced to Defendants.

8. Dr. Stern will be permitted to inspect the following areas of the facility:

 a. All housing units that have been occupied by Plaintiff Naeem Khan up until the date of the inspection, including housing unit A-3 and the medical isolation unit in the medical unit. Dr. Stern may inspect Unit G-2 if it is unoccupied. If Unit G-2 is occupied on the date of the inspection, Dr. Stern is permitted to enter the unit if he concludes it is necessary, and he shall articulate the reasons why he needs to enter the unit in his report.

 b. Recreation areas used by Plaintiff Khan.

 c. Kitchen.

     d. Laundry Facilities.

     e. Visitation areas.

     f. Any hallways or paths of travel within the facility accessible to Plaintiff Khan.

     g. Law Library.

     h. General intake area (subject to terms of paragraph 10).

     i. Any areas where cleaning supplies are stored and maintained for Plaintiff Khan's housing unit.

     j. Waiting area outside the medical unit.

     k. Medical unit, including medical housing units, isolation cells, and negative pressure cells, examination rooms, holding or waiting areas, bathrooms, hallways, and treatment and screening rooms. Dr. Stern will be able to enter the medical housing unit, and Defendants will allow Dr. Stern entry into any empty medical housing cells and airborne infection isolation cells. Dr. Stern will not enter any isolation or negative pressure cells that currently house any patients quarantined for COVID-19, but may observe those cells that house COVID-19 patients through the window. To protect patient confidentiality, Dr. Stern will not enter any medical examination rooms where patients are present. Dr. Stern is permitted to enter the unit while it is in operation, and detainees are present, if he concludes it is necessary. If Dr. Stern concludes entry into the occupied medical unit is necessary, he shall articulate his reasons for entry in his report.

     l. New Intake Monitoring Unit housing ("NIMS") units. If Dr. Stern concludes entry into the NIMS unit is necessary, he must articulate his reasons for entry

in his report.

m. Ventilation systems. Dr. Stern will not be permitted to climb into the ventilation systems.

9. Dr. Stern will not inspect outside the main facility and points of ingress or egress from the facility, with the exception of the entry to and exit from the general intake area, which is used to transport detainees to the hospital. Dr. Stern may view, but will not photograph, the actual entrance to or exit from the general intake area. Dr. Stern will not inspect staff-only areas.

10. ICE will make available a confidential space and a landline telephone for Dr. Stern to call Plaintiffs' counsel and/or the Court. All parties will designate counsel to be available by phone to address any disputes during the inspection. If disputes arise and judicial guidance is requested during the inspection, counsel shall contact Judge Peterson's Chambers by contacting the courtroom deputy at (206) 370-8422, and at Tim_Farrell@wawd.uscourts.gov.

11. Defendants will produce all Petitioners' medical records in electronic format to Dr. Stern 14 days prior to the inspection. Dr. Stern will not be allowed to access the records-keeping system at the facility.

The Clerk is directed to send copies of this order to the parties and to the Honorable James L. Robart.

Dated this 7th day of January, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge