UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSUE CASTANEDA JUAREZ, et al.,

  Petitioners-Plaintiffs,

  v.

NATHALIE ASHER, et al.,

  Respondents-Defendants.

Case No. C20-700 JLR-MLP

ORDER

## I. INTRODUCTION

Before the Court is Petitioners' request for leave to submit proposed discovery requests out of time (dkt. # 229) and Respondent Langford's motion to strike Petitioners' request and for sanctions (dkt. # 232). Having considered the parties' submissions, the balance of the record, and the governing law, the Court orders Petitioners' request for leave be granted and Respondent Langford's motion be denied.

## II. BACKGROUND

Petitioners are individuals either currently or previously held in civil detention by Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, who allege they are vulnerable to serious medical complications from COVID-19 and are at risk of illness or death if they remain in detention. The Court, finding this

ORDER - 1

action is primarily a habeas matter, previously authorized limited discovery and directed the parties to submit proposed discovery requests on or before October 21, 2020, and any responses to those discovery requests on or before November 4, 2020. (Dkt. # 124.) The parties timely submitted their requests and responses. (*See* Dkt. ## 125, 127, 145, 147, 148.) Petitioners also submitted a request for leave to submit a proposed second set of requests for production of documents out of time. (Dkt. # 146.) The Court heard oral argument and granted in part and denied in part Petitioners' proposed discovery requests and granted Respondents' proposed discovery requests. (Dkt. # 160.) The Court also granted Petitioners' request for leave to submit a proposed second set of requests for production of documents and granted in part and denied in part the supplemental discovery requests contained therein. (*Id.*)

On February 3, 2021, counsel for Petitioners emailed counsel for Respondent Langford to request information regarding vaccination protocols and the status of vaccinations of detainees and staff at NWIPC. (Cho Decl. (Dkt. # 230) at ¶ 1.) On February 11, 2021, counsel for Respondent Langford responded with an email that did not substantively respond to Petitioners' inquires. (*Id.* at ¶ 3.) Counsel for both parties exchanged further emails, and counsel for Respondent Langford represented that "[l]ocal health department has indicated its plan for vaccinating staff by March in early stages of vaccine distribution. The plans are developing as more information becomes available. ICE has provided its responses as to detainees." (*Id.* at ¶ 3, Ex. B.)

On February 16, 2021, Petitioners filed the instant request for leave to submit proposed discovery requests out of time. (Dkt. # 229.) Petitioners seek discovery from Respondent Langford regarding the following: "(1) [d]ocuments related to COVID-19 vaccination, including policies, protocols, plans and procedures for administration of vaccines to detainees and staff; (2) the GEO Group, Inc.'s ("GEO") plans and procedures for vaccination of detainees and staff, including timeframes for vaccination; and (3) the number of GEO staff who have received

ORDER - 2

1  COVID-19 vaccination, including dates given, administrating entity, and completion of
2  vaccination cycle," based on the U.S. Food and Drug Administration's ("FDA") emergency use
3  authorizations for COVID-19 vaccines that were not in place at the time the Court set the initial
4  proposed discovery request deadline.[1] (*Id.*) Further, ICE has recently reported that some
5  employees at NWIPC have received a vaccination. (Dkt. # 233 at 1.)

6  Counsel for Respondent Langford emailed Petitioner's counsel asserting Petitioners'
7  request was improper and if it was not withdrawn, Respondent Langford would move for
8  sanctions. (Dkt. # 232 at ¶ 5.) Counsel for both parties had a telephone conference and were
9  unable to resolve their dispute. (*Id.*) Subsequently, Respondent Langford submitted a motion to
10 strike Petitioners' request pursuant to Federal Rule of Civil Procedure 12(f) and submitted an
11 affixed declaration of counsel. (*See generally id.*) Respondent Langford also moves for sanctions
12 against Petitioners' counsel, Ms. Cho, for filing the request. (*Id.* at ¶ 6.)

### III.   DISCUSSION

#### A.   Motion to Strike

As noted above, Respondent Langford moves to strike Petitioners' request pursuant to Rule 12(f), arguing it is immaterial and impertinent. (Dkt. # 232 at 1.) Under Rule 12(f), the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike under Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation and citation omitted).

---

[1] Federal Respondents voluntarily provided Petitioners its COVID-19 Vaccine Guidelines and Protocols and has agreed to provide monthly vaccination updates of ICE employees and detainees at the NWIPC in Tacoma, Washington. (Cho Decl., Ex. A.)

Respondent Langford asserts the request should be stricken because Petitioners did not attempt to communicate with counsel before filing their request, noted the request for the same day without showing good cause, and that Respondent Langford's counsel already informed Petitioners that GEO is conferring with the local health department about immunizing staff in March but that the process is ever changing. (Dkt. # 232 at ¶¶ 2, 3, 4.)

Petitioners assert they have good cause for filing their request because the proposed discovery requests regarding COVID-19 vaccinations have a significant bearing on the subject matter of this action. (Dkt. # 233 at 6.) They argue that nine GEO employees at NWIPC have been confirmed to have tested positive for COVID-19 and two detainees tested positive because of exposure to GEO employees. (*Id.* (citing Dkt. ## 122-1, 152-1, 162-1, 187-1, 200-1, 202-1, 204-1, 207-1, 216-1, 222-1).) Petitioners further argue Respondent Langford has not shown any prejudice by their request. (*Id.*) Specifically, Petitioners assert that despite no requirement to confer, their counsel reached out multiple times to Respondent Langford about the requested discovery but only received incomplete responses. (*Id.*) Petitioners also assert they informed Respondent Langford of their intent to file the instant request. (*Id.*)

Here, the Court finds Petitioners had good cause to file its request for leave to submit proposed discovery requests out of time, and that their request is not immaterial or impertinent. The COVID-19 pandemic continues to change and evolve. At the time the Court set the deadline for proposed discovery requests, the FDA had not yet approved COVID-19 vaccinations. Petitioners assert they are vulnerable to serious medical complications from COVID-19 while in detention, and information regarding vaccinations for both staff and detainees at NWIPC is certainly relevant and material to Petitioners' claims. This finding is supported by the Federal Respondents' voluntary disclosures and updates of similar information.

Further, the Court has ordered only limited discovery in this matter that requires Court approval. It appears from the parties' submissions and supporting declarations that counsel for the parties communicated about the information Petitioners seek and discussed the filing of Petitioners' request for leave, even if it was not required. After being unable to resolve the dispute, Petitioners filed its request for leave, that Respondent Langford could have opposed. Petitioners previously filed a similar request, that Respondents did not object to and that the Court granted. The Court therefore finds it reasonable that Petitioners submitted a request for leave regarding their proposed discovery requests.

Because the Petitioners' instant request for leave is based on new, material facts, the Court finds that Petitioners should, at a minimum, be permitted to present their proposed discovery requests to the Court and Respondent Langford be permitted to respond to the requests on the merits. Accordingly, the Court denies Respondent Langford's motion to strike and grants Petitioners' request for leave to submit proposed discovery requests out of time.

**B.      Sanctions**

Respondent Langford requests the Court sanction Ms. Cho for "filing a 'Request' in contravention to procedural requirements and without any good faith basis to support the 'Request.'" (Dkt. # 232 at ¶ 6.) Respondent Langford does not cite any authority in support of the request for sanctions.

Petitioners argue Respondent Langford has not met the requirements for sanctions under any relevant authority. Petitioners argue Respondent Langford failed to meet the requirements of Rule 11 because, *inter alia*, the request was not brought for an improper purpose, or to cause unnecessary delay or increase in litigation costs. (Dkt. # 233 at 8 (citing Fed. R. Civ. P. 11).) Petitioners also assert Respondent Langford failed to meet the requirements of Rule 37 that apply to failures to comply with discovery requirements, such as failing to make disclosures, failing to

ORDER - 5

appear for a deposition, or failing to provide interrogatory answers. (*Id.* at 9 (citing Fed. R. Civ. P. 37).) Lastly, Petitioners argue Respondent Langford failed to show Ms. Cho acted recklessly or in bad faith and therefore failed to meet the sanction requirements of 28 U.S.C. § 1927. (*Id.*)

As discussed above, the Court finds Petitioners submitted their request in good faith and pursuant to a method previously used and accepted by the Court. The Court therefore finds Ms. Cho did not file Petitioners' request for an improper purpose or to delay or increase costs of litigation. Further the Court finds she did not act recklessly or in bad faith, and did not fail to comply with discovery requirements. Accordingly, the Court denies Respondent Langford's motion for sanctions.

### IV.   CONCLUSION

For the foregoing reasons, Petitioners' request for leave to submit proposed discovery requests out of time (dkt. # 229) is GRANTED and Respondent Langford's motion to strike and for sanctions (dkt. # 232) is DENIED. Respondent Langford is directed to submit a response to Petitioners' motion addressing the merits no later than March 18, 2021.

The Clerk is directed to send copies of this order to the parties and to the Honorable James L. Robart.

Dated this 11th day of March, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge