UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILFREDO FAVELA AVENDAÑO, et al., <br><br> Petitioners-Plaintiffs, <br><br> v. <br><br> NATHALIE ASHER, et al., <br><br> Respondents-Defendants. | CASE NO. C20-0700JLR-MLP <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING PETITIONERS' MOTION FOR CLASS CERTIFICATION |

## I.   INTRODUCTION

Before the court is Magistrate Judge Michelle L. Peterson's Report and Recommendation on Petitioners-Plaintiffs Wilfredo Favela Avendaño, J.A.M., and Naeem Khan's (collectively, "Petitioners")[1] second motion for class certification.  (*See* R&R (Dkt. # 209); *see also* 2d MCC (Dkt. # 134).)  After Magistrate Judge Peterson

---

[1] Petitioner Naeem Khan is the only named petitioner still in detention.  (*See* Not. of Release (Dkt. # 151) (Mr. Favela Avendano released); Bostock Decl. (Dkt. # 63) ¶ 79 (J.A.M. released)).

ORDER - 1

issued her Report and Recommendation granting Petitioners' motion, Respondents-Defendants Nathalie Asher, Tony H. Pham, and United States Immigration and Customs Enforcement ("ICE") (collectively, the "Government") filed objections to the R&R. (*See* Obj. (Dkt. # 223).) Respondents-Defendants Northwest Ice Processing Center ("NWIPC") and Stephen Langford join in the Government's objections. (*See* Mell Decl. (Dkt. # 225).) Petitioners filed a response to the Government's objections. (Resp. (Dkt. # 228).) The court has considered Petitioners' second motion for class certification, Magistrate Judge Peterson's Report and Recommendation granting that motion, the parties' submissions in support of and in opposition to Petitioners' motion and the Report and Recommendation, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court ADOPTS Magistrate Judge Peterson's Report and Recommendation and GRANTS Petitioners' second motion for class certification.

## II.   ANALYSIS

A district court has jurisdiction to review a Magistrate Judge's Report and Recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may

---

[2] No party has requested oral argument (*see* Obj. at 1; Resp. at 1), and the court does not find that oral argument would be helpful to its disposition of Respondents-Defendants' objections, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

1 accept, reject, or modify the recommended disposition; receive further evidence; or return
2 the matter to the magistrate judge with instructions."). The court reviews de novo those
3 portions of the Report and Recommendation to which specific written objection is made.
4 *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

5     The Government objects to Magistrate Judge Peterson's recommendations
6 regarding commonality and typicality under Federal Rule of Civil Procedure 23(a) and
7 uniformity of remedy under Federal Rule of Civil Procedure 23(b)(2). (*See generally*
8 Obj.) The court has reviewed the Government's objections and finds that Magistrate
9 Judge Peterson has thoroughly addressed the Government's arguments in her Report and
10 Recommendation. (*See generally* R&R.) Furthermore, the court has independently
11 reviewed the issues raised by the Government and reaches the same conclusions as
12 Magistrate Judge Peterson for the same reasons. Accordingly, the court OVERRULES
13 the Government's objections and ADOPTS the Report and Recommendation.

## III. CONCLUSION

15     For the reasons stated above, the court ADOPTS Magistrate Judge Peterson's
16 Report and Recommendation (Dkt. # 209); GRANTS Petitioners' second motion for class
17 certification (Dkt. # 134); and certifies this matter as a class action. The class is defined
18 as follows:

19 > All individuals detained at the Northwest Detention Center who are age 55
20 > years or older or who have medical conditions that place them at heightened
> risk of severe illness or death from COVID-19 as determined by Centers for
> Disease Control and Prevention guidelines.

21

//

22

1     The court appoints Petitioners as class representatives and appoints Petitioners' counsel as class counsel.

    The Clerk is directed to send copies of this order to the parties and to Magistrate Judge Peterson.

    Dated this 18th day of March, 2021.

JAMES L. ROBART
United States District Judge